### UNITED STATES v. HURSHMAN.

(District Court, D. Washington, S. D. November 16, 1892.)

INDIANS—SALES OF LIQUOR.
Rev. St. § 2139, provides that every person who disposes of spirituous liquors to any Indian "under the charge of any Indian superintendent or agent * * * shall be punished. * * *" Held, that an Indian of the Nez Perces tribe, a soldier in the United States army, is within the meaning of the statute.

At Law. Charles Hurshman was accused of the offense of unlawfully disposing of spirituous liquor to an Indian, under Rev. St. § 2139, and held to answer therefor by a United States commissioner. The grand jury, being uncertain as to whether or not the facts shown by the testimony of the witnesses for the government brought the case within the statute, made a special presentment of the case. The court, being of the opinion that the presentment contained all the requisites of an indictment, caused the defendant to be arraigned, and required him to plead thereto, which he did, first by a demurrer, and afterwards by a plea of not guilty. Demurrer overruled. Trial, and verdict of not guilty.

Patrick Henry Winston, U. S. Atty.
H. S. Blandford, for defendant.

HANFORD District Judge. Although the defendant has been acquitted, and this particular case is no longer of importance, the question upon the demurrer is new, and merits a concise and precise

statement and decision in writing. The presentment charged the defendant with having disposed of spirituous liquor to one James Williams, an Indian of the Nez Perces tribe, who was at the time a regular enlisted soldier in the United States army, on duty with his regiment at Ft. Walla Walla. Section 2139, Rev. St., upon which the prosecution is founded, reads as follows:

"Sec. 2139. No ardent spirits shall be introduced, under any pretense, into the Indian country. Every person who sells, exchanges, gives, barters, or disposes of any spirituous liquors or wine to any Indian under the charge of any Indian superintendent or agent * * * shall be punishable. * * *"

The sufficiency of the presentment is questioned on the ground that it does not allege that the Indian to whom the liquor was furnished was at the time under charge of an Indian superintendent or agent of the United States, and it is assumed that the contrary appears by the statement that said Indian was at said time a regularly enlisted soldier of the United States army, on duty with his regiment. I hold that the words "under the charge of any Indian superintendent or agent," were intentionally put into the statute by congress, and must be given force and effect as expressive of the legislative will. I have repeatedly decided that it is not a crime, under this statute, to dispose of spirituous liquor to British Columbia Indians, or Indians upon whom the rights, privileges, and immunities of citizenship have been conferred by the laws of the United States; and it is my opinion now that the statute under consideration is not applicable to any case of selling or disposing of liquor to an Indian not at the time subject to the general authority and supervision given by the laws of the United States to the officers of Indian affairs. I also concede that, consistently with the maintenance of military discipline, there can be no control by officers of the department of the interior of soldiers while on duty, or during their terms of enlistment. But, when an Indian enlists in the military service, the officers of Indian affairs are only partially relieved of their charge concerning him, and but temporarily deprived of power to control his person. While he is in the army said officers continue to be charged with the duty of caring for his family and property and interests as a member of his tribe, and upon his discharge from the army their right to control him will be fully restored. I consider that the principle applicable to the case of an Indian who, by absenting himself from his home for pleasure or profit, temporarily places himself beyond the physical power of his superintendent or agent, should be applied to this case. Neither the Indians themselves, the officers of the army who induce them to enlist, or officers of the interior department who consent to it, have any power to change the laws; and no act of either, affecting for the time being the actual situation of an Indian, can change his status from that of a ward of the nation.

That the Indian named in the presentment is under charge of an Indian superintendent or agent is a legal conclusion from the fact of his being a Indian of the Nez Perces tribe. The facts being stated, the presentment is a sufficient pleading, although it does not state the legal conclusion.